McFadden, Judge,
concurring specially.
I write separately to withhold my full concurrence from footnote 9 of Division 1 (b), in which the majority addresses the plaintiffs’ attempt to impute the Medical Center’s knowledge to Doctors Hospital. This footnote might be read to establish an overbroad precedent regarding imputation of knowledge between interrelated entities. I would not reach that issue. Because I do not fully concur in it, the footnote does not establish precedent. Court of Appeals Rule 33 (a). I concur fully in the remainder of the opinion.
I write also, however, to disassociate myself from the majority’s unfortunate decision to publish in footnote 5 of Division 1 the Hospital Authority’s allegation that one of the plaintiffs, who witnessed the murder of his life partner, is lying about having been himself the victim of an assault. That plaintiff has asked us to strike and ignore that allegation because it is “wholly unnecessary, inflammatory, and improperly (particularly on appeal from a summary judgment decision) seek[s] to impugn [his] credibility and reputation.” Just so. We ought to have ignored it. The allegation would have been highly relevant at trial; but unless we are reversed on certiorari, there will be no trial. We do, from time to time appropriately note that facts we must assume to be true are disputed — particularly where a party is accused of misconduct. But the reference here is gratuitous.